## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES WHITAKER               :

         Plaintiff          :

                       : CIVIL ACTION NO:

   v.                    :

CITY OF PHILADELPHIA      :

         Defendant      :

## COMPLAINT AND JURY DEMAND

I.     **INTRODUCTION**

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1.     This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2.     This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA") of 2008, and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination and harassment with respect to his compensation, terms, conditions and privileges of employment by the Defendant, based on his disability, and the Defendant's failure to provide him with reasonable accommodations.

- 1 -

## II.    JURISDICTION AND VENUE

3.    The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, the ADA and the ADAA, Title 42 U.S.C. §12101, et seq., as amended, which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.    The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.    All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on February 20, 2026, and this action was commenced by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III.    PARTIES

6.    Plaintiff, Charles Whitaker, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 8428 Suffolk Place, Philadelphia, Pennsylvania.

7.    Defendant, City of Philadelphia, was and is now a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 100 South Broad Street, Floor 3, Philadelphia, Pennsylvania.

8.     At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

9.     At all times material herein, Defendant has been a "person" and "employer" as defined under the ADA and the ADAA, and is subject to the provisions of each Act.

## IV.    STATEMENT OF CLAIMS

10.     Plaintiff began employment in April 1998 and presently holds the position of Auto Body Tech in Defendant's Fleet Service.

11.     During the course of his employment, Plaintiff was diagnosed with severe Asthma.

12.     Plaintiff suffers from a disability within the meaning of the ADA and ADAA in that his medical condition interferes with one or more major life activity, he was regarded by Defendant as disabled and/or maintained a record of impairment.

13.     Plaintiff first informed Defendant of his disability in November, 2008, when he verbally informed an Occupational Safety Officer Representative that he required a transfer to another work area due to his condition.

14.     Plaintiff was transferred to Shop 308, Shop 233 and then eventually to his present working location,100 South Broad Street, Philadelphia, Pennsylvania.

15.     In July 2025, Plaintiff suffered a severe asthma attack due to being exposed to fragrances which were sprayed in his work area.

16.     These occurrences continued and Plaintiff suffered several attacks thereafter.

17.    On October 6, 2025, an attack he experienced was so severe he had to leave work early to seek medical treatment at an urgent care center.

18.    Plaintiff was also medically required to take several days off to allow his symptoms to abate.

19.    In connection thereto, Plaintiff requested a disability-based accommodation of leave and provided a medical note from a Physician in support of this request.

20.    Without engaging Plaintiff in any interactive discussion or evaluation of his accommodation request, Defendant's Occupational Safety Officer, Tevinna Waters ("Waters") informed Plaintiff his request for leave was denied.

21.    Thereafter, Plaintiff requested an accommodation request that fragrances not be sprayed in or near his work area and the bathroom.  In support of this request, Plaintiff provided a Doctor's note to Waters on October 31, 2025, identifying Plaintiff's sensitivity to fragrances and indicated how they adversely impact his asthma.

22.    Despite this request, both Waters and Defendants Human Resources, Marcia Miller, informed Plaintiff that his circumstance was not considered job-related, and that Defendant was not required to provide him with the relief he requested.

23.    Instead, Plaintiff was merely told by his Supervisor, Ms. Shaw, that he could leave the building for a while when he noticed a fragrance had been sprayed near his work area.

24.    With the exception of this suggestion, Defendant failed to engage Plaintiff in an interactive discussion concerning his request for accommodation or otherwise take any action to facilitate his request.

- 4 -

25.    In failing to accommodate Plaintiff, Defendant's actions were not only discriminatory but ignored the root cause of Plaintiff's requests – his co-workers.

26.    Subsequent to Plaintiff's visit to an urgent care center, as aforesaid, Plaintiff noticed that a certain co-worker who sits directly in back of him was the one who was spraying fragrances in his work area.

27.    Plaintiff believes and avers that management was aware, or should have been aware, that that the coworker was spraying of the fragrance in an effort to taunt him as he noticed the coworker openly laughing at as he walked by after such an occurrence.  Plaintiff did not tell the coworker to stop spraying fragrances for fear of further retribution.

28.    In fact, when the co-worker in question sprayed fragrances in Plaintiff's work area, he was often observed leaving the building and coming back to work approximately 10 to 20 minutes later.

29.    Plaintiff alleges that Defendant failed to provide him with adequate accommodations which would have insured that his work and restroom areas were free from the fragrances being sprayed.

30.    Instead, without engaging him in any interactive discussion, Plaintiff was told that he could wear a mask (which Defendant knew was inconsequential when it came to strong fragrances), use a fan in his work area (which only caused the fragrances to be circulated to other areas), or move to a work area merely feet away from his desk (which made no difference whosoever as Plaintiff still had to breath the same polluted air).

- 6 -

31.    Although Plaintiff is currently working in the office, the Defendant has continued to refuse his request to work in an area free from the fragrances sprayed by employees in the office.  As a result of Defendant's actions, Plaintiff is required to wear a mask while working.

32.    Plaintiff believes and therefore avers that in retaliation for complaining to Defendant's official(s) about fragrance at work, the said coworker continued to spray fragrance in his work area for the sole purpose of taunting and harassing him.

33.    Plaintiff also believes and therefore avers that he has been subjected to a hostile work environment as a result of his request for reasonable accommodation and Defendant's failure to take any remedial actions on his behalf to cause this conduct to cease and desist.

## COUNT I
## ADA/ADAA
## (Failure to Accommodate)

34.    Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth herein at length.

35.    The actions of Defendant through its agents, servants and employees, and in failing to accommodate Plaintiff's disability, as aforesaid, constituted a violation of the ADA and the ADAA.

36.    The actions of Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination in the terms, conditions and privileges of his employment constituted a violation of the ADA and the ADAA.

37.    As a direct result of Defendant's willful and unlawful actions in

violation of the ADA and the ADAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and a loss of earnings as a result of his forced medical absences.

## COUNT II
## ADA/ADAA
## (Hostile Work environment)

38.    Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth herein at length.

38.    The actions of Defendant through its agents, servants and employees, and in subjecting Plaintiff to a hostile work environment, as aforesaid, constituted a violation of the ADA and the ADAA.

39.    As a direct result of Defendant's willful and unlawful actions in violation of the ADA and the ADAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and a loss of earnings as a result of his forced medical absences.

## PRAYER FOR RELIEF

40.    Plaintiff repeats the allegations of paragraph 1 through 39 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

(a)    Defendant engage Plaintiff in an interactive discussion and provide him with the reasonable accommodations he requested, as aforesaid, and compensate Plaintiff for any wages and other benefits and emoluments of employment loss because

- 7 -

of their unlawful conduct;

      (b)    Defendant pay to Plaintiff compensatory damages for inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

      (c)    Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

      (d)   The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM, P.C.**

By:_____

KEVIN L. LOVITZ, ESQUIRE
ID # 70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(215)  735-1515 Fax
*Attorney for Plaintiff, Charles Whitaker*